IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

03 DEC 22 PM 2:54

U.S. DISTRICT COURT
N.D. OF ALABAMA

**GREGORY EARNEST,**
**LARRY CLARDY,**
**JOHN HALL,**
**HERMAN TIDWELL, and**
**CHRIS WILLIAMS,**

    PLAINTIFFS,

V.

**WARRIOR HAULING, LLC,**

    DEFENDANT.

CIVIL ACTION NO

CV-03-J-3354-S

TRIAL BY JURY REQUESTED

## COMPLAINT

COME NOW the Plaintiffs, Gregory Earnest and Larry Clardy, by and through the undersigned attorneys, and for the causes of action, states the following:

**I.**     **JURISDICTION AND VENUE**

1. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1331, 1343(4), 2201 and 2202 and pursuant to the Fair Labor Standards Act (FLSA), 29 U.S.C. §201, *et seq*. District Court jurisdiction exists pursuant to 29 U.S.C. §§216(b) and 217 and 28 U.S.C. §1331. An Opt-in Collective Action is sought under FLSA 16(b).

**II.**     **PARTIES**

2. Plaintiff, **Gregory Earnest** (hereinafter "Earnest"), is a resident of the state of Alabama and performed work for the Defendant in the counties composing the Northern District of Alabama. Plaintiff was an employee within the contemplation of 29 U.S.C. §203)(e)(1). Thus, pursuant to 28 U.S.C. §1391(b), venue for this action properly lies in the Northern District, Southern Division.

3. Plaintiff, **Larry Clardy** (hereinafter "Clardy"), is a resident of the state of Alabama and performed work for the Defendant in the counties composing the Northern District of Alabama.  Plaintiff was an employee within the contemplation of 29 U.S.C. §203)(e)(1).  Thus, pursuant to 28 U.S.C. §1391(b), venue for this action properly lies in the Northern District, Southern Division.

4. Plaintiff, **John Hall** (hereinafter "Hall"), is a resident of the state of Alabama and performed work for the Defendant in the counties composing the Northern District of Alabama.  Plaintiff was an employee within the contemplation of 29 U.S.C. §203)(e)(1).  Thus, pursuant to 28 U.S.C. §1391(b), venue for this action properly lies in the Northern District, Southern Division.

5. Plaintiff, **Herman Tidwell** (hereinafter "Tidwell"), is a resident of the state of Alabama and performed work for the Defendant in the counties composing the Northern District of Alabama.  Plaintiff was an employee within the contemplation of 29 U.S.C. §203)(e)(1).  Thus, pursuant to 28 U.S.C. §1391(b), venue for this action properly lies in the Northern District, Southern Division.

6. Plaintiff, **Chris Williams** (hereinafter "Williams"), is a resident of the State of Alabama and performed work for the Defendant in the counties composing the Northern District of Alabama.  Plaintiff was an employee within the contemplation of 29 U.S.C. §203)(e)(1).  Thus, pursuant to 28 U.S.C. §1391(b), venue for this action properly lies in the Northern District, Southern Division.

7. Defendant, Warrior Hauling, LLC ("Defendant"), is registered to do business in the State of Alabama. Defendant's principal location is in the State of Alabama. Therefore, this Court has personal jurisdiction over Defendant. Defendant is engaged in commerce or in the production of goods for commerce as contemplated by 29 U.S.C. §§203(r), 203(s). Defendant is a company doing business in the State of Alabama.

### III. FACTUAL SUMMARY

8. Plaintiffs hereby incorporates by reference each of the allegations contained in paragraphs 1 through 7 above.

9. Plaintiffs worked as truck drivers for Defendant.

10. Plaintiffs generally drove trucks within the property boundaries of Defendant's facility in the Birmingport area of Jefferson County, Alabama.

11. Plaintiffs' job functions were to move loads of coal from piles from one area of the facility to a processing plant at another location on the yard. None of the Plaintiffs drove the truck off the yard or onto public roads except on an occasional basis to a repair shop.

12. All coal that was utilized at the facility was provided from mines in Alabama.

### GREGORY EARNEST

13. Earnest began work with Defendant on January 18, 2002 as a truck driver. Earnest was terminated on August 8, 2003.

14. Earnest was paid between $13.25 to $13.50 per hour during his employment.

15. Earnest was required to work over 40 hours each and every work week of his employment with Defendant, unless he was sick.

16. Earnest worked approximately 60 hours per week each and every work week.

**LARRY CLARDY**

17. Clardy began work with Defendant on July 8, 2002, as a truck driver. Clardy was terminated on August 12, 2003.

18. Clardy was paid $15 per hour until May of 2003 when his pay was reduced to $13.50 per hour.

19. Clardy was required to work over 40 hours each and every work week of his employment with Defendant, unless he was sick.

20. Clardy worked approximately 60 hours per week each and every work week.

**JOHN HALL**

21. Hall began work with Defendant on November 4, 2002, as a truck driver. Hall was terminated on August 8, 2003.

15. Hall was paid $15 per hour until approximately April of 2003 when his pay was reduced to $13.50 per hour.

16. Hall was required to work over 40 hours each and every work week of his employment with Defendant, unless he was sick.

17. Hall worked approximately 60 hours per week each and every work week.

**HERMAN TIDWELL**

17. Tidwell began work with Defendant on September 30, 2002, as a truck

4

driver.  Tidwell was terminated on August 5, 2003.

15. Tidwell was paid $15 per hour and then his pay was reduced to $13.50 per hour.

16. Tidwell was required to work over 40 hours each and every work week of his employment with Defendant, unless he was sick.

17. Tidwell worked approximately 60 - 84 hours per week each and every work week.

**CHRIS WILLIAMS**

18. Williams began work with Defendant on October 16, 2002, as a truck driver. Williams was terminated on August 12, 2003.

19. Williams was paid $15 per hour until approximately April or May of 2003 when his pay was reduced to $13.50 per hour.

20. Williams was required to work over 40 hours each and every work week of his employment with Defendant, unless he was sick.

21. Williams worked approximately 60 to 72 hours per week each and every work week.

**IV.   COUNT ONE - FLSA VIOLATIONS**

22. Plaintiffs hereby incorporate by reference each of the allegations contained in paragraphs 1 through 21 above.

23. Defendant willfully failed and refused to pay overtime to Plaintiffs and others similarly situated at the rate of one and one half times their regular hourly rate of pay for hours worked in excess of 40 in a work week from the date of their employment until May

2003. Up until that point in time, all similarly situated truck drivers employed by Defendant were paid straight time for hours worked in excess of 40 in a work week, as well as those hours up to 40 in a work week.

24.     Commencing in May 2003, Defendant started paying overtime at the rate of one and one half times each truck driver's regular hourly rate of pay, but reduced the truck drivers' hourly rate of pay to make up for the payment of overtime.

25.     Defendant employed approximately 35 drivers performing similar job functions to Plaintiffs at any one time during the 3 years preceding the filing of this Complaint. With attrition/turnover there have been at least 2 or 3 times that many drivers who have worked at least one week during this same time frame, compiling hours in excess of 40 in a work week for which they were not paid one and one half their regular hourly rate.

26.     Defendant has willfully violated the Fair Labor Standards Act ("FLSA") by failing to pay truck drivers 1 ½ times their regular hourly rate for hours worked in excess of 40 in a work week in the performance of non-exempt overtime work.

27.     As a result of the willful violations of the FLSA by Defendant, Plaintiffs have been damaged in the amount of ½ of their regular hourly rate for each hour worked in excess of 40 in a work week for 3 years preceding the filing of this Complaint.

28.     Plaintiffs have further been damaged by the reduction in their hourly rate effective May 2003 for all hours worked in excess of 40 in a work week thereafter.

**V.      COUNT TWO -- OPT-IN COLLECTIVE ACTION**

29.     Plaintiffs hereby incorporate by reference each of the allegations contained in paragraphs 1 through 29 above.

30. Plaintiffs bring this suit as an Opt-in collective action pursuant to the FLSA 16(b).

31. The potential class is comprised of any and all persons employed as hourly employees by Defendant at any time during the three (3) years preceding the filing of this Complaint.

32. Upon information and belief, the same practices alleged in the aforementioned paragraphs comprise violations of the FLSA against other employees, thereby presenting both common questions of law and fact common to the class.

33. Upon information and belief, the claims of the representatives, Plaintiffs, are typical of claims of the class. Plaintiffs were subjected to the same unlawful employment practices concerning inaccurate reporting of time, failure to pay overtime pay, and other violations of the Fair Labor Standards Act, as were other members of the class.

34. Upon information and belief, Plaintiffs will fairly and adequately protect the interests of the class in that they share common interests with the other members of the class and have employed counsel who will vigorously prosecute the interests of the class.

35. Upon information and belief, the questions of law and fact common to the members of the class predominate over any questions affecting only individual members as the same practice of employing class members without paying them in accord with the FLSA was used by Defendant on all class members.

36. Upon information and belief, this collective action is superior to other available methods to the fair and efficient adjudication of the controversy because of the large number of potential plaintiffs; because of the relatively moderate amount of damages available to Plaintiffs were they to commence an individual action; and, because of the

7

predominate factual and legal questions common to all class members.

WHEREFORE PREMISES CONSIDERED, Plaintiffs pray for the following relief:

A.   That the Court issue proper process to compel Defendant to answer or otherwise plead to the allegations contained in this Complaint;

B.   That this Court award Plaintiffs the amount of their unpaid overtime wages, plus an additional equal amount as liquidated damages;

C.   That Plaintiffs be granted judgment against Defendant for all reasonable attorneys' fees, costs, disbursements, and interest;

D.   For such other and further relief as this Court deems equitable, proper and just.

Respectfully submitted,

_____
DAVID R. ARENDALL
Counsel for Plaintiff

_____
STEPHANIE S. WOODARD
Counsel for Plaintiff

OF COUNSEL:
ARENDALL AND ASSOCIATES
2018 Morris Avenue
Birmingham, AL   35203
205.252.1550 – Office
205.252.1556 – Facsimile

_____
ADAM M. PORTER
Counsel for Plaintiff

8

OF COUNSEL:
Adam M. Porter, Esq.
2301 Morris avenue, Unit 102
Birmingham, AL   35203
205.322.8999 – Office
205.322.8915 - Facsimile

## JURY DEMAND

PLAINTIFF DEMANDS A TRIAL BY JURY FOR THE TRIAL OF THIS CAUSE.

_____
ATTORNEY FOR PLAINTIFFS

**SERVE DEFENDANT
VIA CERTIFIED MAIL:**

Warrior Hauling, LLC
C/O John Averett, Registered Agent
1329 Forestdale Blvd., Suite 303
Birmingham, AL   35214